**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
OCTOBER 24, 2024

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
OCTOBER 24, 22024

_Sarah Pendleton_
SARAH R. PENDLETON
ACTING SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| JIM WALSH, DEANNA MARTINEZ, AMBER GOLDADE and JOHN GOLDADE, | |
| Appellants, | No. 103174-2 |
| v. | EN BANC |
| STEVE HOBBS, in his official capacity as Secretary of State of the State of Washington, BOB FERGUSON, in his official capacity as Attorney General of the State of Washington, DAVID SCHUMACHER, in his official capacity as Director of the Office of Financial Management, NO ON 2109 COMMITTEE, NO ON 2117, and NO ON 2124, | Filed: October 24, 2024 |
| Respondents. | |

GONZÁLEZ, C.J.—In our state, the people have the power to propose laws through the initiative process and, if the constitutional requirements are met, vote on whether those laws should be enacted. Like any other law, initiatives often come with budget impacts.

In recent years, the legislature concluded that voters should be told when an initiative will affect the budget through, among other things, "public investment impact disclosures." RCW 29A.72.027. These disclosures are short ballot statements that tell voters the initiative will increase or decrease the funding available for some public service.

Proponents of three initiatives sued to prevent public investment impact disclosures from appearing on the ballot. The trial court denied them relief and dismissed their complaint. Because the election was fast approaching, we retained the appeal, considered it on the merits at a special en banc conference, and affirmed by order with opinion to follow. Today, we explain our decision.

BACKGROUND

After gathering voters' signatures, appellant and sponsor Jim Walsh, a member of the Washington State House of Representatives, submitted six initiatives to the legislature at its 2024 session. The legislature enacted three of the initiatives. The other three initiatives, I-2117, which would repeal the Washington Climate Commitment Act, a cap and trade program designed to reduce greenhouse gas emissions; I-2109, which would repeal the state's capital gains tax; and I-2124, which would make participation in the state's "WA Cares" long-term care insurance program optional rather than mandatory, will appear on the November 2024 general election ballot for a vote of the people.

Initiatives, like any other piece of legislation, often have fiscal impacts. The Office of Financial Management (OFM) has long been required to prepare a fiscal impact statement on the expected impact of any legislative bill that may impact state revenues or expenditures. RCW 43.88A.020. In recent years, the legislature has

2

extended that obligation to initiatives. RCW 29A.72.025. Now, OFM must prepare a fiscal impact statement for every initiative measure appearing on the ballot, "describ[ing] any projected increase or decrease in revenues, costs, expenditures, or indebtedness that the state or local governments will experience if the ballot measure were approved by state voters." *Id.* These fiscal impact statements must be available on the secretary of state's website and be printed in the voter's pamphlet. *Id.*

In addition, the attorney general must prepare a public investment impact disclosure for any ballot measure that (1) "[r]epeals, levies, or modifies any tax or fee, including changing the scope or application of an existing tax or fee," and (2) "[h]as a fiscal impact statement . . . that shows that adoption of the measure would cause a net change in state revenue." RCW 29A.72.027(1)(a), (b). A public investment impact disclosure must appear on the ballot itself, briefly describing the public investments that the measure will affect. RCW 29A.72.027(2). The attorney general must use neutral language that cannot reasonably be expected to prejudice the vote. RCW 29A.72.027(4).

Representative Walsh, as primary sponsor of the initiatives, and Deanna Martinez, a state resident and chair of Mainstream Republicans of Washington (collectively Representative Walsh), filed a complaint in Thurston County Superior Court against Secretary of State Steve Hobbs, Attorney General Bob Ferguson, and Director of OFM David Schumacher. Proponents and opponents of the initiatives were allowed to intervene. Representative Walsh sought (1) a writ of prohibition preventing the attorney general from preparing and the secretary of state from certifying public investment impact disclosures for the three initiatives, (2) a writ of mandamus compelling the secretary of state to instruct all county election officials to

print ballots without public investment impact disclosures for the three initiatives, and (3) a writ of mandamus compelling the director of OFM to revise the fiscal impact statement for I-2109 to state it will not cause a change in state revenue. In Representative Walsh's view, I-2109 will have no impact because the legislature impliedly repealed the capital gains tax by enacting I-2111, which prohibits the state from taxing personal income. He also argues that neither of the other two initiatives exact a "tax or fee" within the meaning of the public investment impact disclosure statute.

The superior court denied Representative Walsh's petition for writs of mandamus and prohibition and dismissed the complaint after a hearing. That court rejected Representative Walsh's argument that the legislature impliedly repealed the capital gains tax by enacting I-2111. Without that implied repeal, it is undisputed that repealing the capital gains tax will reduce state revenues, requiring a fiscal impact statement and public investment impact disclosure. The court also determined that the other two initiatives each repeal or modify a "tax or fee" within the meaning of the public investment impact disclosure statute, requiring public investment impact disclosures.[1]

Representative Walsh appealed directly to this court. We retained the appeal and after a special en banc conference on August 9, 2024, issued an order with opinion to follow affirming the superior court's judgment in result.[2]

---

[1] Representative Walsh concedes that passing I-2117 and I-2124 would affect state revenues.

[2] In our order, we also denied a motion by Tim Eyman to file an amicus curiae brief in support of the appeal. Under RAP 10.6(a), only attorneys may file amicus briefs. Eyman is not an attorney. In addition, the court will grant leave to file an amicus brief only if all parties consent or the amicus briefs will assist the court. *See* RAP 10.6(a). The State and intervenor respondents inform us they did not consent to filing this brief. Finally, Eyman's brief almost entirely concerns the constitutionality of the public investment impact disclosure statute. As this is outside the scope of the issues properly before this court, his brief does not assist us.

ANALYSIS

This case came before the superior court as a petition for writs of prohibition and mandamus. Both writs are ancient, rare, and extraordinary vehicles for relief, available only when there is no plain, speedy, and adequate remedy in the ordinary course of legal proceedings. *Riddle v. Elofson*, 193 Wn.2d 423, 428, 430, 439 P.3d 647 (2019) (plurality opinion) (prohibition); *Judges of Benton & Franklin Counties Super. Ct. v. Killian*, 195 Wn.2d 350, 356-57, 459 P.3d 1082 (2020) (mandamus). The writ of prohibition is a drastic and limited remedy intended to prevent officials from exceeding their jurisdiction and enlarging the powers of their positions. *Riddle*, 193 Wn.2d at 428-29. The writ exists to prevent "execution of a future, specific act and not to undo an action already performed." *Id.* at 429; *accord* RCW 7.16.290. A person seeking such a writ must establish an absence of jurisdiction and show that there is no other plain, speedy, and adequate remedy in the ordinary course of legal proceedings, among other things. *Riddle*, 193 Wn.2d at 430; *Skagit County Pub. Hosp. Dist. No. 304 v. Skagit County Pub. Hosp. Dist. No. 1*, 177 Wn.2d 718, 722-23, 305 P.3d 1079 (2013); *Kreidler v. Eikenberry*, 111 Wn.2d 828, 838, 766 P.2d 438 (1989).

Like prohibition, mandamus is an extraordinary remedy. While courts have the power to direct officers of the other branches of government to take actions mandated by law, courts must be respectful of "the historical and constitutional rights" of the other branches. *Walker v. Munro*, 124 Wn.2d 402, 407, 879 P.2d 920 (1994). A petitioner seeking mandamus relief must show that the official who is the subject of the petition has a mandatory, ministerial duty to perform an act required by law as part of that official's duties. *Id.* at 408-10. If the law does not require an official to take a

specific action, neither may a writ of mandamus. *See id.* at 10. Mandamus is appropriate only where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Id*. Like prohibition, mandamus relief is available only if there is no plain, speedy, and adequate remedy in the ordinary course of law. *Judges*, 195 Wn.2d at 356-57; *King County v. Sorensen*, 200 Wn.2d 252, 263, 516 P.3d 388 (2022).

Representative Walsh sought a writ of mandamus requiring OFM to "correct" the fiscal impact statement it prepared for I-2109, which, if passed, would repeal the state's capital gains tax. He argues that the legislature effectively repealed the capital gains tax by enacting I-2111, which bars personal income taxes. Since, he reasons, enacting I-2109 would have no effect on state revenues, one of the prerequisites for preparing a public investment impact disclosure for I-2109 is not met: a fiscal impact statement showing that the measure would cause a net change in state revenue. He also sought both prohibition and mandamus preventing the attorney general from preparing and the secretary of state from certifying public investment impact disclosures for I-2117 and I-2124, arguing that neither of those measures would repeal or modify a "tax or fee" within the meaning of RCW 29A.72.027(1).

The superior court addressed the merits of these arguments and concluded, first, that I-2111 did not repeal the capital gains tax because the capital gains tax is an excise tax, not an income tax, and, second, that I-2117 and I-2124 would repeal or modify a "tax or fee" within the meaning of RCW 29A.72.027, requiring public investment impact disclosures to be prepared for all of these measures.

We conclude that this is not a case for which relief by prohibition is appropriate. The attorney general is affirmatively empowered (and required) by

RCW 29A.72.027 to prepare public investment impact disclosures for initiative measures repealing or modifying taxes or fees for which fiscal impact statements have been prepared indicating an effect on state revenues. There is no argument before us that the attorney general is acting outside his jurisdiction in following the law. Reduced to its essence, Representative Walsh's argument is that the attorney general erred in concluding that he was required to prepare public investment impact disclosures. Even if the attorney general erred on this point, prohibition is not a vehicle to prevent or correct error. *Riddle*, 193 Wn.2d at 429. Similarly, the law requires the secretary of state to certify public investment impact disclosures that the attorney general has submitted and to forward the disclosures to county election officials. RCW 29A.72.027(6). The secretary does not act in excess of jurisdiction simply by carrying out the secretary's statutory obligation without second-guessing the attorney general.

Representative Walsh has also made no effort to show that he lacks a plain, speedy, and adequate remedy in the ordinary course of legal proceedings, such as a declaratory or injunctive action. Declaratory or injunctive relief are adequate legal remedies when seeking to prevent an action or determine its legality. *Riddle*, 193 Wn.2d at 436-37. A remedy is not inadequate merely because it imposes delay, expense, annoyance, or some hardship. *Judges*, 195 Wn.2d at 356. A writ of prohibition is not available.

Representative Walsh also sought writs of mandamus compelling the director of OFM to correct its fiscal impact statement for I-2109 and compelling the secretary of state to instruct county election officials to print ballots without public investment impact disclosures for the three initiatives. But Representative Walsh has not shown

that the director of OFM has failed to perform a clear, nondiscretionary duty dictated by law. Relevantly, OFM is required to "prepare a fiscal impact statement for . . . [a]n initiative to the people that is certified to the ballot" that "describe[s] any projected increase or decrease in revenues, costs, expenditures, or indebtedness that the state or local governments will experience if the ballot measure were approved by state voters" including "both a summary of not to exceed one hundred words and a more detailed statement that includes the assumptions that were made to develop the fiscal impacts." RCW 29A.72.025. Nothing in the briefing suggests that OFM failed to follow either of these dictates. Instead, Representative Walsh disagrees with OFM's conclusions about what the fiscal impact of I-2109 will be. But those conclusions involve the exercise of judgment within the director's discretion and are not subject to mandamus relief.

Similarly, once a public investment impact disclosure is filed with the secretary of state, the secretary's only obligation is to certify and transmit it to county election officials for inclusion on the ballot. RCW 29A.72.027(6). The secretary has no ministerial duty to decline to certify and transmit a public investment impact disclosure based on someone's disagreement with its the necessity.

Finally, as with prohibition, an action for declaratory relief challenging the legality of an action or seeking to determine an official's legal duties is an adequate remedy. *Sorenson*, 200 Wn.2d at 263. If in such an action a court finds the existence of a duty, but the official still fails to fulfill that duty, mandamus would then be an appropriate remedy. *Judges*, 195 Wn.2d at 356-57. There has been no showing that declaratory or injunctive relief is inadequate.

CONCLUSION

Mandamus and prohibition are available in highly limited circumstances that have not been shown here. We affirm the trial court's denial of prohibition and mandamus relief and dismissal of this case.

González, C.J.

WE CONCUR:

Johnson, J.

Yu, J.

Madsen, J.

Montoya-Lewis, J.

Stephens, J.

Whitener, J.

Gordon McCloud, J.

9